# UNITED STATES DISTRICT COURT
## District of Minnesota

RSM McGladrey, Inc.,

                                   **JUDGMENT IN A CIVIL CASE**

           Plaintiff,

V.

                                    Case Number:   11-612 ADM/SER

Peter Epp, Gil Bernhard, and Steven Schwartz,

           Defendants.

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:
1. RSM's Motion for Preliminary Injunction [Docket No. 12] is **GRANTED**;
2. Defendants' Motion to Declare Temporary Restraining Order Expired or Dissolved [Docket No. 51] is **DENIED**; and
3. Defendant Peter Epp is hereby enjoined from, on behalf of himself or others, soliciting, attempting to solicit, diverting, attempting to divert, taking away, attempting to take away, or accepting any business of a type similar to that provided or planned to be provided by RSM from any client, customer, or account of RSM or its predecessors that was assigned to Defendant, serviced or counseled by Defendant, or introduced to Defendant during the two year period prior to Defendant's termination, or any employee of such clients, customers, or accounts of RSM that selected, or had substantial input in the selection of RSM to provide services, or any prospective client, customer, or account that was actively solicited by RSM within two years of Defendant's termination, provided that Defendant knew or reasonably should have known of such solicitation; Defendant shall not render any services or sell any products, unless such services or products or products are not offered and are not planned to be offered by RSM or its subsidiaries, to any client, customer, or account of RSM or its predecessors that was assigned to Defendant, serviced or counseled by Defendant, or introduced to Defendant during the two year period prior to Defendant's termination, or any employee of such clients, customers, or accounts of RSM that selected, or had substantial input in the selection of RSM to provide services, or any prospective client, customer, or account that was actively solicited by RSM within two years of Defendant's termination, provided that Defendant knew or reasonably should have known of such solicitation; Defendant further shall not solicit, induce or in any manner encourage any other managing director, employee or principal of RSM or any of its subsidiaries to terminate his or her position with RSM; Defendant shall not breach any other covenant contained in his respective Managing Director Employment Agreement;
4. Defendant Gil Bernhard is hereby enjoined from, on behalf of himself or others, soliciting, attempting to solicit, diverting, attempting to divert, taking away, attempting to take away, or accepting any business of a type similar to that provided or planned to be provided by RSM from any client, customer, or account of

RSM or its predecessors that was assigned to Defendant, serviced or counseled by Defendant, or introduced to Defendant during the two year period prior to Defendant's termination, or any employee of such clients, customers, or accounts of RSM that selected, or had substantial input in the selection of RSM to provide services, or any prospective client, customer, or account that was actively solicited by RSM within two years of Defendant's termination, provided that Defendant knew or reasonably should have known of such solicitation; Defendant shall not render any services or sell any products, unless such services or products or products are not offered and are not planned to be offered by RSM or its subsidiaries, to any client, customer, or account of RSM or its predecessors that was assigned to Defendant, serviced or counseled by Defendant, or introduced to Defendant during the two year period prior to Defendant's termination, or any employee of such clients, customers, or accounts of RSM that selected, or had substantial input in the selection of RSM to provide services, or any prospective client, customer, or account that was actively solicited by RSM within two years of Defendant's termination, provided that Defendant knew or reasonably should have known of such solicitation; Defendant further shall not solicit, induce or in any manner encourage any other managing director, employee or principal of RSM or any of its subsidiaries to terminate his or her position with RSM; Defendant shall not breach any other covenant contained in his respective Managing Director Employment Agreement;

5. Defendant Steven Schwartz is hereby enjoined from, on behalf of himself or others, soliciting, attempting to solicit, diverting, attempting to divert, taking away, attempting to take away, or accepting any business of a type similar to that provided or planned to be provided by RSM from any client, customer, or account of RSM or its predecessors that was assigned to Defendant, serviced or counseled by Defendant, or introduced to Defendant during the two year period prior to Defendant's termination, or any employee of such clients, customers, or accounts of RSM that selected, or had substantial input in the selection of RSM to provide services, or any prospective client, customer, or account that was actively solicited by RSM within two years of Defendant's termination, provided that Defendant knew or reasonably should have known of
such solicitation; Defendant shall not render any services or sell any products, unless such services or products or products are not offered and are not planned to be offered by RSM or its subsidiaries, to any client, customer, or account of RSM or its predecessors that was assigned to Defendant, serviced or counseled by Defendant, or introduced to Defendant during the two year period prior to Defendant's termination, or any employee of such clients, customers, or accounts of RSM that selected, or had substantial input in the selection of RSM to provide services, or any prospective client, customer, or account that was actively solicited by RSM within two years of Defendant's termination, provided that Defendant knew or reasonably should have known of such solicitation; Defendant further shall not solicit, induce or in any manner encourage any other managing director, employee or principal of RSM or any of its subsidiaries to terminate his or her position with RSM; Defendant shall not breach any other covenant contained in his respective Managing Director Employment Agreement; and

6. This Order is without prejudice to any decision reached by an arbitrator or arbitration panel pursuant to the Employment Agreements.

|  |  |
|---|---|
| May 4, 2011 | RICHARD D. SLETTEN, CLERK |
| Date | |
| | s/ J. Zuech |
| | (By)    J. Zuech   Deputy Clerk |