UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RSM McGladrey, Inc.,<br><br>    Plaintiff,<br><br>    v.<br><br>Peter Epp, Gil Bernhard and Steven Schwartz,<br><br>    Defendants. | Civil Action No.: 11-CV-612<br>        (ADM-SER)<br><br>**ANSWER** |

  Defendants Peter Epp, Gil Bernhard and Steven Schwartz ("Defendants"), by their undersigned counsel, by way of their Answer to the Complaint of plaintiff RSM McGladrey, Inc. ("RSM McGladrey"), hereby state as follows:

  1. Defendants deny those allegations set forth in paragraph 1 of the Complaint to the extent they are directed at them except to acknowledge that RSM McGladrey commenced this action to assert a purported claim against them; admit that after RSM McGladrey terminated its relationship with Defendants, certain RSM McGladrey clients elected to engage the services of Defendants' current employer and certain RSM McGladrey employees elected to leave RSM McGladrey's employ and commence employment with Defendants' current employer; and to state that they are without knowledge or information sufficient to form a belief as to the truth of those allegations to the extent they are directed at any person other than Defendants.

  2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

FIRM:15943446v1

3. Defendants deny the allegations set forth in paragraph 3 of the Complaint except to admit that Epp is a resident of the State of New York and respectfully refer the Court to the contract referenced therein for the full and complete contents thereof.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint except to admit that Bernhard is a resident of the State of New York and respectfully refer the Court to the contract referenced therein for the full and complete contents thereof.

5. Defendants deny the allegations set forth in paragraph 5 of the Complaint except to admit that Schwartz is a resident of the State of New York and respectfully refer the Court to the contract referenced therein for the full and complete contents thereof.

6. Defendants deny the factual allegations set forth in paragraph 6 of the Complaint, make no response to the legal conclusions set forth therein and respectfully refer the Court to the documents referenced therein for the full and complete contents thereof.

7. Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8. Defendants admit the allegations set forth in paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in paragraph 9 of the Complaint except to admit that they formerly were involved in RSM McGladrey's health

FIRM:15943446v1

care practice, which covered a broad range of services and generated approximately $11 million in revenue during the referenced time period; that they contributed to the revenue generated by that group, including work generating approximately $7 million in fees annually; that Epp served as the leader of RSM McGladrey's New York health care consulting group; that Bernhard served as the leader of McGladrey & Pullen, LLP's New York health care audit practice; and that Epp and Bernhard both had certain oversight responsibilities relating to those New York practice areas.

10. Defendants deny the allegations set forth in paragraph 10 of the Complaint except to admit that Epp and Bernhard entered into the referenced agreements in or about 2007 and Schwartz entered into the referenced agreement in or about 2008.

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint and respectfully refer the Court to the documents referenced therein for the full and complete contents thereof.

12. Defendants deny the allegations set forth in paragraph 12 of the Complaint and respectfully refer the Court to the documents referenced therein for the full and complete contents thereof.

13. Defendants deny the allegations set forth in paragraph 13 of the Complaint and respectfully refer the Court to the documents referenced therein for the full and complete contents thereof.

14. Defendants deny the allegations set forth in paragraph 14 of the Complaint and respectfully refer the Court to the documents referenced therein for the full and complete contents thereof.

3

FIRM:15943446v1

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint and respectfully refer the Court to the documents referenced therein for the full and complete contents thereof.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint and respectfully refer the Court to the documents referenced therein for the full and complete contents thereof.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint and respectfully refer the Court to the documents referenced therein for the full and complete contents thereof.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint and respectfully refer the Court to the documents referenced therein for the full and complete contents thereof.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint except to admit that RSM McGladrey terminated its relationship with Epp and Bernhard on or about January 17, 2011 and terminated its relationship with Schwartz on or about January 5, 2011.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint except to admit that after RSM McGladrey terminated its relationship with the Defendants they became affiliated with J.H. Cohn LLP ("J.H. Cohn").

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint except to admit that after RSM McGladrey terminated its relationship with the Defendants certain RSM McGladrey clients elected to engage the services of Defendants'

current employer and to state that they are without knowledge or information sufficient to form a belief as to the truth of those allegations regarding clients who may have terminated their relationship with RSM McGladrey and engaged the services of providers RSM McGladrey is unable to identify.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint except to admit that following RSM McGladrey's termination of its relationship with the Defendants they for a period of time maintained communications with certain RSM McGladrey employees and that certain RSM McGladrey employees elected to leave RSM McGladrey's employ and commence employment with their current employer.

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint.

## CAUSE OF ACTION

### Equitable Relief

25. Defendants repeat and reallege their responses to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint.

FIRM:15943446v1

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state any claim upon which relief may be granted.

### Second Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

WHEREFORE, defendants Peter Epp, Gil Bernhard and Steven Schwartz respectfully request that the Court dismiss the claim asserted in the Complaint in its entirety and with prejudice and grant them their costs, expenses and attorneys' fees and such other and further relief as the Court deems just and proper.

Dated: May 19, 2011

EPSTEIN BECKER & GREEN, P.C.

By: s/William S. Gyves
WILLIAM S. GYVES*

250 Park Avenue
New York, New York 10177-1211
(212) 351-3770
wgyves@ebglaw.com

* Admitted pro hac vice

6

Michael J. Minenko (#129872)
MINENKO & HOFF, P.A.
5200 Willson Road, Suite 150
Edina, Minnesota 55424
(952) 922-6766
mike@minenkohoff.com

Attorneys for Defendants

FIRM:15943446v1